TOWN OF EAST WINDSOR ET AL. *v.* FREEDOM OF INFORMATION COMMISSION ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 280633
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed January 14, 1985

---

*John J. Woodcock III,* and *Donna Fiorentino,* for the plaintiffs.

*Constance L. Chambers,* for the named defendant.

*David J. Morrissey,* for the defendants Dennis Bixler et al.

RIPLEY, J. In this matter, the plaintiffs, and particularly the town of East Windsor police commission, appeal from a determination of the defendant, the Connecticut freedom of information commission (FOIC), which resulted in the levy of fines against each of the five members of the East Windsor police commission.

General Statutes (Rev. to 1983) § 1-21i (b) provides, in part that the FOIC may, after a hearing, impose a civil penalty "against the custodian or other official directly responsible for such denial [of any right created by the appropriate provision of the Freedom of Information Act] of not less than twenty nor more than five hundred dollars." It was this aspect of the Freedom of Information Act under which the FOIC acted and which the plaintiffs contest, claiming (1) that the FOIC had insufficient evidence to conclude that the police commission violated the act, and (2) whether the FOIC can fine individual members of the police commission, a public agency. Other claims were set forth in the appeal, but, inasmuch as they have not been briefed, the court considers them abandoned.

As to the claim that there was insufficient evidence to conclude that the police commission, through its members, had no reasonable basis to violate the act, the role of this court on appeal is rather strictly circumscribed. This court cannot substitute its judgment for that of the FOIC and can only act to sustain the

appeal essentially if there is no support in the record for the action taken. General Statutes § 4-183 (g). The record in this case indicates that the police commission had been found in violation on several prior occasions; that a violation was found on this occasion and that, at the hearing conducted in accordance with the requirements of § 1-21i (b), it was determined that the police commissioners had no reasonable basis or grounds to conduct themselves as they did with regard to excluding certain persons, including the individual defendants, from the meeting. At that hearing, the commissioners had the opportunity to offer evidence, but chose to let the record and their actions speak for themselves. Under the terms of the act, the burden of proving the validity of the action of the police commission is upon the commission and not upon those who were affected by the action; *Wilson* v. *Freedom of Information Commission,* 181 Conn. 324, 328–29, 435 A.2d 353 (1980); and the failure of the commissioners to offer any justification for their actions in itself supports the determination of unreasonableness, as does the balance of the record. The court, accordingly, cannot conclude that the record lacks any factual support for the conclusion reached by the FOIC in adopting the determination of unreasonableness.

As to the ability of the FOIC to levy fines upon individual members of the police commission for unjustified and improper actions as provided in § 1-21i (b), the plaintiffs claim that the language of the statute limits such action to imposing fines on "custodians" and "officials" directly responsible for such unreasonable denials. The plaintiffs advance the proposition that a finding that "the respondent commission violated § 1-21, G.S." is not tantamount to a finding that the "officials" of the commission violated the act. Since the police commission can act only through its individual members by their collective actions, it appears to

this court that a finding that the commission violated the law is equivalent to a finding that the commissioners individually and collectively violated the law and, therefore, were the officials "directly responsible for such denial."

Apparently, the legislature, in enacting this portion of the statute, felt it was desirable and would effectuate the aims and purposes of the act to impose civil sanctions for unreasonable actions. To adopt the plaintiffs' view as a proper interpretation of the statutory language would seem not only impractical and unreasonable, but also directly to thwart the clear intent of the statutory language.

Accordingly, the appeal is dismissed.