MARTIN, J.
 

 This is an administrative appeal from a decision of the defendant, freedom of information commission (commission), brought pursuant to General Statutes §§ 4-183 and l-21i (d). The plaintiffs, Yantic volunteer fire company, East Great Plains volunteer fire company, Taftville volunteer fire company, Occum volunteer fire company, and Laurel Hill volunteer fire company, seek to reverse the decision of the commission. The plaintiffs claim that the commission incorrectly found that the plaintiffs are public agencies under the provisions of General Statutes § l-18a (a).
 

 This appeal arises from requests by the Taxpayers Association of Norwich (association) for copies of the plaintiffs’ charters, bylaws, policies and procedures, and also the names and addresses of the plaintiffs’
 
 *233
 
 active members. Each request was denied or ignored, resulting in a complaint to the commission on February 1, 1994. On April 5, 1994, the matter was heard as a contested case. On August 30, 1994, the commission issued a proposed finding that was considered and adopted by the commission on October 12, 1994.
 

 The commission concluded that the plaintiffs are subject to the disclosure requirements of the Freedom of Information Act. Specifically, the commission found that the plaintiffs are the functional equivalent of public agencies under the functional equivalent test. Consequently, the commission concluded that, by failing to provide copies of the requested records, the plaintiffs violated the right of the association. The commission ordered the plaintiffs to provide such copies and this appeal ensued.
 

 Since the decision of the commission requires the plaintiffs to provide copies of their charters, bylaws, policies and procedures, and their members’ names and addresses, all significant personal and legal interests, the court finds that the plaintiffs are aggrieved within the meaning of § 4-183 and
 
 Light Rigging Co.
 
 v.
 
 Dept. of Public Utility Control,
 
 219 Conn. 168, 173, 592 A.2d 386 (1991).
 

 Section 1-2 li (d) requires that appeals from decisions of the commission must be brought pursuant to the Uniform Administrative Procedure Act, General Statutes § 4-183. Section 4-183 (j), in defining the scope of judicial review for administrative appeals provides in pertinent part: “The [reviewing] court shall not substitute its judgment for that of the agency as to the weight of evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation
 
 *234
 
 of constitutional or statuory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the rehable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion . . . .”
 

 With regard to questions of fact, it is not the function of the trial court to retry the case or to substitute its judgment for that of the administrative agency.
 
 Connecticut Light & Power Co.
 
 v.
 
 Dept. of Public Utility Control,
 
 219 Conn. 51, 57, 591 A.2d 1231 (1991). Judicial review of conclusions of law reached administratively is also limited. The court’s ultimate duty is to decide only whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Id., 57-58. If the adminstrative record provides substantial evidence on which the agency could reasonably have based its finding, the decision must be upheld.
 
 Connecticut Building Wrecking Co.
 
 v.
 
 Carothers,
 
 218 Conn. 580, 601, 590 A.2d 447 (1991).
 

 The definition of a public agency in § l-18a (a) leaves in doubt the plaintiffs’ status. Whenever there is a question of whether an organization falls within the definition of a public agency, our Supreme Court has held that a functional equivalent test must be applied.
 
 Board of Trustees
 
 v.
 
 Freedom of Information Commission,
 
 181 Conn. 544, 553, 436 A.2d 266 (1980). This test determines whether institutions such as the plaintiffs in the present case are public agencies for purposes of disclosure under the Freedom of Information Act. “The major and discrete criteria . . . utilized in employing a functional equivalent test are: (1) whether the entity performs a governmental function; (2) the level of government funding; (3) the extent of government involve
 
 *235
 
 ment or regulation; and (4) whether the entity was created by the government.” Id., 554.
 

 The determination of whether hybrid public-private organizations, such as the plaintiffs, are public agencies subject to the Freedom of Information Act requires a balanced case-by-case consideration of various factors. In
 
 Connecticut Humane Society
 
 v.
 
 Freedom of Information Commission,
 
 218 Conn. 757, 761, 591 A.2d 395 (1991), our Supreme Court explained that all four factors of the functional equivalent test need not be satisfied. Rather, all four factors are to be considered cumulatively, with no single factor being essential or conclusive.
 

 In this matter, the parties have no dispute concerning three of the four functional equivalency test factors. The plaintiffs perform a basic governmental function in providing fire protection to the city of Norwich, the plaintiffs receive substantial funding from government and the plaintiffs were not created by government.
 

 At issue is the extent to which government regulates or is involved with the plaintiffs. The plaintiffs argue that they are all privately incorporated nonstock corporations, each operated and governed by its respective corporate body and members; that each fire company conducts its own training in accordance with its own requirements; that within their volunteer fire districts, the volunteer fire chief is in charge at any fire and not subject to orders or direction by the paid fire department of the city of Norwich; that in addition to public funding, the plaintiffs raise money through various activities; that most volunteer fire members pay for and maintain their own equipment; that manning levels are maintained without government direction; that no paid city firefighters attend volunteer meetings unless they are also volunteer members; and that at the plaintiffs’
 
 *236
 
 operational meetings all types of business are discussed. The plaintiffs conclude, therefore, that government does not control or regulate their activities.
 

 The plaintiffs argue, artfully, that they are not regulated or controlled by government. The third factor of the functional equivalent test requires a broader analysis, however, as it concerns more than government involvement with the plaintiffs.
 

 The financial relationship between the plaintiffs and the city of Norwich is impressive evidence of governmental involvement and regulation, albeit de facto. Indeed, the record reveals powerful testimony concerning the control of the holder of the purse strings. The Laurel Hill fire chief testified that, following a dispute, his company’s budget was frozen, and its firefighting activities suspended by the city manager of Norwich.
 

 Additionally, it should be noted that several of our state statutes regulate the activity of volunteer fire companies and provide for interaction between volunteer firefighters and government. See, e.g., General Statutes §§ 7-308, 7-313c, 7-314 (a) and (b) and 7-314a (d). Pursuant to statute the city of Norwich assumes liability for damage caused by volunteers when they are fighting fires, provides volunteers with workers’ compensation benefits if they are injured while performing such service and makes available to volunteers a relief fund benefit, similar to a pension.
 

 The record further reveals that the city of Norwich maintains a central emergency dispatch system activated by 911 calls. The paid city dispatcher, upon gathering the information, contacts the appropriate volunteer company for response.
 

 After reviewing the entire record, this court concludes that the decision of the commission is reasonably
 
 *237
 
 based on the evidence and existing law. Accordingly, the appeal is dismissed.