YANTIC VOLUNTEER FIRE COMPANY ET AL. *v.*
FREEDOM OF INFORMATION COMMISSION ET AL.
(15337)

O'Connell, Spear and Hennessy, Js.

Submitted on briefs June 10—officially released August 13, 1996

*John A. Cotter* filed a brief for the appellants (plaintiffs).

*Mitchell W. Pearlman*, general counsel, and *Victor Perpetua* and *Barbara E. Housen*, commission counsel, for the appellee (named defendant).

PER CURIAM. The plaintiffs, five volunteer fire companies,[1] appeal from the trial court's judgment dismissing their administrative appeal from a freedom of information commission (FOIC) decision. The plaintiffs claim that the trial court (1) improperly determined that the plaintiffs are public agencies within the meaning of

---

[1] The plaintiffs are the Yantic volunteer fire company, East Great Plain volunteer fire company, Taftville volunteer fire company, Occum volunteer fire company, and Laurel Hill volunteer fire company.

General Statutes § 1-18a (a),[2] (2) improperly determined that the plaintiffs' records should be subject to public disclosure, and (3) applied an incorrect standard of review. We affirm the judgment of the trial court.

Cindy Ouellette and the Taxpayers Association of Norwich requested that the plaintiffs provide them with copies of the their charters, bylaws, policies, procedures, and the names and addresses of their active members. After the plaintiffs denied or ignored these requests, Ouellette and the Taxpayers Association complained to the FOIC. The FOIC heard the matter as a contested case and concluded that the plaintiffs were the functional equivalents of public agencies within the meaning of § 1-18a (a) and therefore subject to the disclosure requirements of the Freedom of Information Act, General Statutes § 1-7 et seq.

The plaintiffs appealed to the trial court pursuant to the Uniform Administrative Procedure Act. General Statutes § 4-183. Following a hearing on the record, the trial court dismissed the appeal, whereupon the plaintiffs appealed to this court in accordance with General Statutes § 4-184.

The plaintiffs' first two claims are subsumed under the central question of whether, under the circumstances of this case, the trial court correctly concluded that the FOIC's determination that the plaintiffs are the functional equivalents of public agencies is reasonably based on the evidence.

---

[2] General Statutes § 1-18a (a) provides: " 'Public agency' or 'agency' means any executive, administrative or legislative office of the state or any political subdivision of the state and any state or town agency, any department, institution, bureau, board, commission, authority or official of the state or of any city, town, borough, municipal corporation, school district, regional district or other district or other political subdivision of the state, including any committee of, or created by, any such office, subdivision, agency, department, institution, bureau, board, commission, authority or official, and also includes any judicial office, official or body or committee thereof but only in respect to its or their administrative functions."

We recognize that volunteer fire companies in this state are individually organized and that the FOIC and the trial court decided this case on the facts pertaining particularly to these plaintiffs. The FOIC made specific findings relative to the financial relationship between the plaintiffs and the city of Norwich.[3]

[3] "It is found that the city of Norwich (hereinafter 'city') funded the respondent fire companies to the tune of $337,000.00 for the fiscal year 1993-1994.

"[1] With respect to the respondent Occum fire company, it is found that during the fiscal year 1993-1994 the city provided the fire company with funding totalling approximately $48,616.00. It is also found that the city owns the building which houses the fire company and funds expenses of the fire company including fuel, telephone, water, gas, electric, pagers, building and ground maintenance, and materials and supplies.

"[2] With respect to the respondent Taftville fire company, it is found that the city funds 95% of the respondent's budget. It is also found that the city funds such expenses of the fire company including materials and supplies, fuel, telephone, water, gas, electric, building and ground maintenance, portable radios, computers and pagers.

"[3] With respect to the respondent Yantic fire company, it is found that the city funds such expenses of the fire company including materials and supplies, fuel, telephone, water, gas, electric, building and ground maintenance, portable radios, computers pagers, auto supplies and maintenance, radio service, equipment and furniture maintenance, fire hose and fittings, and firemens' gear. It is also found that over the last five years the respondent received city funding of approximately $100,000 to purchase equipment. In addition, the respondent's fire company is housed on property owned by the city.

"[4] With respect to the respondent Laurel Hill fire company, it is found that during the fiscal year 1993/1994 the city funded the respondent to the tune of $34,520.00 of which $6,000.00 was allocated for the purchase of hose and fittings, $30000.00 for repairs and maintenance of building and $4000.00 to firemen training. Among the other expenses funded by the city were building and ground maintenance, water, gas, electric, fuel, telephone, equipment and furniture maintenance, radio service and auto supplies and maintenance.

"[5] With respect to the respondent East Great Plains fire company, it is found that during the fiscal year 1993/1994 the city funded the respondent to the tune of $85,000.00 of which $15,000.00 was allocated for auto supplies and maintenance, $5000.00 for building and ground maintenance, $5000.00 for portable radios and $2500.00 for physical fitness equipment. Among the other expenses funded by the city were fuel, water, gas, electric, telephone, smoke ejectors, hazardous material equipment, maintenance of station, equipment and furniture maintenance, radio service, auto supplies and maintenance. In addition, the city owns the building which houses the fire company."

We are persuaded by our examination of the record and briefs of the parties that the judgment of the trial court should be affirmed. In a thoughtful and comprehensive memorandum of decision, the trial court analyzed the law in a manner consistent with our statutes and case precedents. *Yantic Volunteer Fire Co.* v. *Freedom of Information Commission*, 44 Conn. Sup. 230, 682 A.2d 156 (1996). Because that memorandum addresses the arguments raised in this appeal, we adopt the trial court's well reasoned decision as a statement of the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Federal Home Loan Mortgage Corp.* v. *Bardinelli*, 39 Conn. App. 786, 788, 667 A.2d 806 (1995); *State* v. *Mobley*, 33 Conn. App. 103, 105, 633 A.2d 726 (1993), cert. denied, 228 Conn. 917, 636 A.2d 849 (1994).

The plaintiffs' remaining issue was not properly briefed. " 'Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court.' " *Fromer* v. *Freedom of Information Commission*, 36 Conn. App. 155, 156, 649 A.2d 540 (1994).

The judgment is affirmed.