[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to General Statutes § 1-21 (d) and § 4-183 the plaintiffs appeal a decision of the Freedom of Information Commission (FOIC) imposing civil penalties on them and requiring the production of requested records. The plaintiffs are fire chiefs of five volunteer fire departments in the city of Norwich.[1] The plaintiffs claim that the decision violates P.A. § 96-83 and that the imposition of civil penalties was without rational basis and against public policy. For the reasons set forth below the court finds in favor of the defendant. CT Page 12002
This appeal evolved from an earlier appeal involving the same parties and subject matter. In January 1994, Cindy Ouellette and the Taxpayers Association of Norwich requested copies of charters, by-laws, policies and procedures and names and addresses of current active members from each of the five plaintiff fire departments. When they were denied access to copies of the requested documents, Ouellette and the Association filed an appeal with the FOIC on February 1, 1994. By order dated October 12, 1994, and issued October 17, 1994, the FOIC found that the five volunteer fire departments were public agencies for purposes of General Statutes § 1-18a(a) and that the requested records were public records under General Statutes § 1-18a(d) and1-19. The FOIC ordered the plaintiffs to provide copies of the requested records. The plaintiffs appealed that ruling to the Superior Court. On October 13, 1994, the court (Martin, J.) dismissed the appeal, concluding that the FOIC decision was reasonably based on the evidence and existing law.Yantic Volunteer Fire Company, et al. v. Freedom ofInformation Commission, 44 Conn. Sup. 230 (1996). On August 13, 1996, the Appellate Court, in a per curiam opinion, affirmed the dismissal. Yantic Volunteer Fire Co.v. Freedom of Information Commission, 42 Conn. App. 519
(1996).
On September 9, 1996, Ouellette filed a second complaint with the FOIC, claiming that the plaintiffs had not complied with the order of production and requesting civil penalties. A hearing was held on October 15, 1996, where it was established that none of the requested documents had been produced to Ouellette or the Taxpayers Association. At the hearing the plaintiffs argued that the newly enacted P.A. § 96-83 protected the "internal corporate records of the fire companies which are subject of this proceeding." The plaintiffs' counsel went on to argue that the efforts of the plaintiffs to have the legislation passed after their lack of success through the judicial process is not evidence of a lack of respect for the commission and court.
On December 11, 1996, the FOIC issued its decision, making the following findings that are pertinent to this appeal: CT Page 12003
 7. It is found that the respondents failed to prove that Pub. Act No. 96-83 has any retroactive effect.
 8. It is concluded that the issue of whether the requested records were exempt from disclosure at all times material to FIC 94-24 is a controversy that has been authoritatively and finally settled by a decision of the appellate court.
 12. It is concluded that nothing in the language of Pub. Act No. 96-83 now precludes disclosure of records similar to those requested by the complainant.
 13. It is therefore, concluded that the respondents failed to prove that records similar to the requested records would be exempt from disclosure pursuant to Pub. Act No. 96-83.
 14. It is found that besides their general claim that Pub. Act No. 96-83 precludes disclosure of the requested records, the respondent fire departments have not provided any evidence to excuse their failure to comply with the commission's order in FIC 94-24.
 15. It is concluded that the respondents failed to comply with the Commission's order in FIC 94-24.
 16. It is found that the violation described in paragraph 15, above, was without reasonable grounds.
Based upon its findings, the FOIC issued the following orders:
 1. The respondents shall forthwith each remit to the Commission a civil penalty in the amount of $750.
 2. The respondents shall forthwith provide the complainant with a copy of the requested records. CT Page 12004
 3. Henceforth, the respondents shall strictly comply with the provisions of the FOI Act.
This appeal followed.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . [T]he trial court may [not] retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence on questions of fact." (Citations and internal quotation marks omitted.) Dolgner v. Alander,237 Conn. 272, 280 (1996). This court "must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. Ottochian v. Freedom of InformationCommission, 221 Conn. 393, 397, 604 A.2d 351 (1992). Even as to questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . New Haven v. Freedom of InformationCommission, 205 Conn. 767, 774, 535 A.2d 1297 (1988)." (Internal quotation marks omitted.) Perkins v. Freedom ofInformation Commission, 228 Conn. 158, 164-65 (1993).
The plaintiffs argue that P.A. § 96-83, which amended General Statutes § 7-314 (b), applies to bar the disclosure ordered by the FOIC because the records requested "concern fraternal or social matters." P.A. § 96-83 reads in pertinent part as follows:
 The records and meetings of a volunteer fire department which is established by municipal charter or constituted as a not-for-profit Connecticut corporation shall not be subject to the provisions of sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, if such records and meetings concern fraternal or CT Page 12005 social matters. Records and meetings concerning matters of public safety, expenditures of public funds or other public business shall be subject to disclosure under said sections.
This provision was effective upon passage, May 8, 1996.
There are two insurmountable problems with the plaintiffs' argument. First, the words of the statute do not appear to bar disclosure of these records. There is nothing in the record to suggest that the requested records concern "fraternal or social matters." Wilson v. Freedom ofInformation Commission, 181 Conn. 324, 341 (1980) ("It is the agency that bears the burden of proving the applicability of an exemption, and therefore, the nature of the documents in question"). Second, the statute, which makes a substantive rather than procedural change and contains no provision for retroactivity, does not apply retroactively to overturn the original FOIC order.Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 301,309-310 (1984); Waterbury National Bank v. WaterburyNational Bank, 162 Conn. 129, 134 (1972) ("statutes should be construed retrospectively only when the mandate of the legislature is imperative").[2] Accordingly, the FOIC's order requiring the production of the requested records will not be disturbed.
The more troublesome issue is the imposition of the civil penalties. Under General Statutes § 1-21i(b)(2),
 [U]pon the finding that a denial of any right created by sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, was without reasonable grounds and after the custodian or other official directly responsible for the denial has been given an opportunity to be heard at a hearing conducted in accordance with sections 4-176e to 4-184, inclusive, the commission may, in its discretion, impose against the custodian or other official a civil penalty of not less than twenty dollars nor more than one thousand dollars.
The record reflects that the FOIC found a denial of a right under General Statutes § 1-19 and provided the plaintiffs with an opportunity to be heard at a hearing conducted CT Page 12006 pursuant to the UAPA. It determined that the plaintiffs' failure to comply with the FOIC's earlier order requiring production was without reasonable grounds.
In light of this court's scope of review of the FOIC's actions under § 4-183 and the discretion allowed in imposing the penalties, the court will not disturb this order. SeeEast Windsor v. FOIC, 40 Conn. Sup. 233, 234-35 (1985). While the plaintiffs claim that wilful misconduct is required before the FOIC can impose civil penalties, the language of § 1-21i(b) does not support that position nor have the plaintiffs provided any authority for that interpretation. All that is required for the FOIC to impose civil penalties in its discretion is a finding of no reasonable grounds for the violation. Here, the violation was not simply the failure to produce records but also the noncompliance with a previous FOIC order. The FOIC found that the plaintiffs' reliance on P.A. § 96-83 was not a reasonable ground for failing to disclose the records as ordered.
The plaintiffs suggest that the imposition of the civil penalties was punishment for their appeal of the prior FOIC order and for their involvement in the enactment of P.A. § 96-83. They also suggest that allowing the civil penalties to stand will unfairly discourage appeals from FOIC orders. Viewing the record as a whole, the court does not see support for these arguments nor can it find that the FOIC acted arbitrarily or capriciously or in abuse of its discretion. General Statutes § 4-183 (j). The Appellate Court affirmed the trial court's judgment affirming the FOIC order of production on August 13, 1996. Even after exhausting their rights through the judicial process, as of the hearing date in October 1996, the plaintiffs had not produced any of the records. The inapplicability of P.A. § 96-83 to the records in this case is clear as discussed earlier in this memorandum. The imposition of civil penalties in the amount of $750 for each plaintiff is supported by the record. Further, this court cannot substitute its judgment for that of the FOIC.
The appeal is dismissed.
DiPentima, J. CT Page 12007