[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 13608
The plaintiffs, Glenn and Linda Grover, appeal a decision of the defendant, Inland Wetlands Agency of the City of Derby (agency), granting Ciro Ronzone's application for permission to conduct regulated activities within a wetlands and watercourses area. Also named as defendants are Ciro Ronzone, the applicant, and Sidney J. Holbrook, the Commissioner of the Department of Environmental Protection of the State of Connecticut.
The agency acted pursuant to General Statutes §§ 22a-36
through 22a-45. The plaintiff appeals pursuant to General Statutes § 22a-43.
On June 12, 1992, Ciro Ronzone filed an application with the agency seeking permission to conduct regulated activities within an inland wetlands and watercourses area. The agency held public hearings on the application in August, September, and October, 1992. At its October 14, 1992 hearing, the agency voted to approve Ronzone's application, four votes in favor, one vote opposed.
Thereafter, the plaintiffs, abutting land owners, appealed the approval of Ronzone's application to the Superior Court.Grover v. Inland Wetlands Agency of the City of Derby, Superior Court, judicial district of Ansonia/Milford at Derby, Docket No. 414336 (November, 29, 1993, Mancini, J.). On November 29, 1993, this court remanded the plaintiff's appeal to the agency for further consideration.
At its April 10, 1996 meeting, the agency reconsidered Ronzone's application and again voted to approve the application. The plaintiffs now appeal the agency's April 10, 1996 approval of Ronzone's application.
"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) BridgeportBowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276,283, 487 A.2d 559 (1985).
General Statutes § 22a-43 (a) provides that "any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the CT Page 13609 commissioner, district or municipality or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any regulation, order, decision or action made pursuant to said sections may, within the time specified in subsection (b) of section 8-8 from the publication of such regulation, order, decision, or action, appeal to the superior court . . . . Notice of such appeal shall be served upon the inland wetlands agency and the commissioner." Section 8-8 (b) requires that an appeal be commenced by service of process within fifteen days.
The plaintiffs own property abutting the property which was the subject of the agency's action. Accordingly, the plaintiffs are statutorily aggrieved.
Notice of the agency's decision was published on April 21, 1996. The plaintiffs served the chairman of the agency and the commissioner on May 2, 1996. Thereafter, the plaintiffs served Ronzone on May 6, 1996. Therefore, the proper parties have been timely served.
"In challenging an administrative agency action, the plaintiff has the burden of proof. . . . The plaintiff must do more than simply show that another decision maker, such as the trial court, might have reached a different conclusion. Rather than asking the reviewing court to retry the case de novo . . . the plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision. . . . In reviewing an inland wetlands agency decision made pursuant to the act, the reviewing court must sustain the agency's determination if and examination of the record discloses evidence that supports any one of the reasons given. . . . The evidence, however, to support any such reason must be substantial; [t]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. . . . This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . [I]t imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . . The reviewing court must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent CT Page 13610 conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . . In adhering to this substantial evidence standard for an inland wetlands agency appeal, we have held that it is improper for the reviewing court to reverse an agency decision simply because the agency failed to state its reason for its decision on the record. The reviewing court instead must search the record of the hearings before that commission to determine if there is an adequate basis for its decision." Samperi v. InlandWetlands Agency, 226 Conn. 579, 587-88, 628 A.2d 1286 (1993).
This court, in its decision of November 29, 1993, concluded that "there appears to be no evidence of the agency hearing any matter pertaining to wetlands. [The agency] did not utilize expert opinion and relied upon flood restrictions. Therefore this court remands the matter back to the Inland Wetlands Agency for the City of Derby for further consideration and . . . to consider necessary statutory criteria."
In the instant appeal, the plaintiffs claim that the agency failed to comply with this court's decision because it did not consider the factors set forth in General Statutes § 22a-41
when it reconsidered Ronzone's application. The defendants respond that the record demonstrates that the agency adequately considered the factors set forth on § 22a-41.
The criteria set forth in § 22a-41 (a) "determine the factors that an agency must consider before issuing a permit that allows a regulated activity to be conducted in the wetlands, but . . . the statute does not require an inland wetlands agency explicitly to specify the factors that it has utilized in its evaluation of an application. As long as a search of the entire record reveals the basis for the agency's decision and supports reasonable inferences that the agency adhered to the factors enumerated in § 22a-41 (a), then the argument that the agency failed to apply the proper statutory criteria must be rejected."Samperi v. Inland Wetlands Agency, supra, 226 Conn. 598.
Section 22a-41 (b) forbids a local inland wetlands agency from issuing a permit after a public hearing unless that agency finds that a feasible and prudent alternative does not exist.Samperi v. Inland Wetlands Agency, supra, 226 Conn. 587. Essentially, the applicant "must demonstrate to the local inland wetlands agency that its proposed development plan, insofar as it intrudes upon the wetlands, is the only alternative that is both CT Page 13611 feasible and prudent." An inland wetlands agency's finding that a proposed development plan is the only feasible and prudent alternative need not be explicitly stated on the record. Id., 595. "As long as a search of the record reveals the basis for the agency's decision consistent with the substantial evidence standard . . . then the reviewing court must infer that the local agency made a finding that the applicant's alternative was the feasible and prudent alternative." Id., 595-96.
On remand from this court, the agency, although not required to, explicitly stated on the record that it had considered the factors set forth in § 22a-41 (a) and expressly indicated that it had determined that there were no feasible and prudent alternatives to Ronzone's application. In so doing, the agency, in order to alleviate this court's prior concern that it had failed to consider the factors set forth in § 22a-41 and the proposed development's impact on the wetlands, indicated what evidence it had considered and relied upon when it initially approved Ronzone's application. For example, the agency received and reviewed letters from the Connecticut Department of Environmental Protection; the U.S. Department of Agriculture; and, the U.S. Army Corps of Engineers; evaluating the proposed development and the impact that such development would have on the wetlands. Furthermore, the agency heard extensive expert testimony from Don Ballou, Professional Engineer, and Donald Smith, Professional Engineer, regarding the impact that the proposed development would have on the wetlands. The record also indicates that the application minimizes the encroachment into, and impact on, the wetlands by locating the proposed house in the southwestern portion of the property where the soil is conducive to development. The record indicates that the vast majority of the wetlands located on the subject property will not be disturbed and will be left in their natural state. The application and hearing process also involved various changes in, and refinements to, the application which reduced the impact of the proposed development on the wetlands. Finally, the agency heard testimony that the proposed development provided the only reasonable and prudent alternative available to Ronzone. In the present case, not only did the agency explicitly state that §22a-41 has been satisfied, but the record also contains substantial evidence demonstrating that § 22a-41 has been satisfied.
The plaintiffs also raise the claim that the agency's delay in reconsidering Ronzone's application after this court's remand CT Page 13612 constitutes laches and thereby prevents agency action. "Laches consists of an inexcusable delay which prejudices the defendant."Federal Deposit Ins. Co. v. Voll, 38 Conn. App. 198, 210,660 A.2d 358, cert. denied, 235 Conn. 903, 665 A.2d 901 (1995). However, the plaintiff has not adequately briefed this issue. "Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." Yantic Volunteer Fire Co. v.Freedom of Information Commission, 42 Conn. App. 519, 522,679 A.2d 989 (1996). Accordingly, the plaintiff's claim of laches fails.
The agency's approval of Ronzone's application is supported by substantial evidence in the record and satisfies the requirements of General Statutes § 22a-41. Therefore, the court dismisses the plaintiffs' appeal.
MANCINI, J.