[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Dennis Murphy and Joseph Gaudette appeal decisions in companion cases issued by the defendant Freedom of Information Commission (FOIC) imposing civil penalties and requiring the production of requested documents. The plaintiff Dennis Murphy is the director of the labor relations and benefits administration for the city of Bridgeport. The plaintiff Joseph Gaudette is the department clerk for the Bridgeport police department. For the reasons set forth below, the court finds in favor of the defendant.
This case arose out of two requests made by Anthony DeNiro and Carl Liano for average overtime pay information for Bridgeport police officers from the Bridgeport police department and the labor relations and benefits administration for the city of Bridgeport. When DeNiro and Liano's requests were denied they complained to the FOIC which, on September 22, 1993, issued two similar final decisions ordering the production of the requested documents and future strict compliance with General Statutes § 1-19(a). Liano's case was solely against Murphy, and the docket number was FIC 93-144. DeNiro's case was brought against three persons, including Murphy and Gaudette, and the docket number was FIC 93-150. Although requested, no civil penalties were imposed. (Return of Record (ROR), Items 1, 2.) No appeal was taken from either decision.
On November 2, 1993, DeNiro and Liano complained to the FOIC that the plaintiffs had not complied with the September 22, 1993 orders. (ROR, Items 1, 2.) Liano's complaint, directed at Murphy, was docketed as FIC 93-301. DeNiro's case, directed at Gaudette, Murphy and Laurie Giles, was docketed as FIC 93-303. On December 6, 1993, a hearing was held on both complaints. On March 9, 1994, the FOIC adopted the final decisions, and notice was sent on March 23, 1994.
In its final decisions in FIC 93-301 and FIC 93-303 the FOIC ordered the plaintiff Murphy to provide Liano and DeNiro, free of charge, a copy of the computer printout containing the listing of overtime received by each police officer, and it levied a civil penalty against Murphy in the amount of $150 payable within thirty days of the decision. (ROR, Item 14, Final Decision #FIC 93-301, Final Decision #FIC 93-303.) In FIC 93-303, which named both plaintiffs as respondents, the FOIC dismissed the complaint as to Gaudette. It is from these decisions that the plaintiffs now appeal. CT Page 1865
Turning first to the issue of aggrievement, the court finds that the plaintiff Joseph Gaudette has not passed the test set forth under General Statutes § 1-21i(d) to establish his aggrievement. "This test requires a showing of: `(1) a specific personal and legal interest in the subject matter of the commission's decision; and (2) a special and injurious effect on this specific interest'". State Library v. Freedom ofInformation, 240 Conn. 824, 833 (1997). In its decision the FOIC specifically ordered:
 1. With respect to the Bridgeport Police Department clerk, the case for non-compliance in contested case docket #93-150 is dismissed.
(ROR), Item 14, Final Decision #FIC 93-301.) Accordingly, no adverse action was taken as to Gaudette so that he has suffered no "special and injurious effect" on a special interest. The appeal is dismissed as to Gaudette for lack of aggrievement.
The plaintiff Murphy claims that the FOIC erred in its finding of noncompliance, that the requested information is exempt under §§ 1-19(b) and 1-19b(b), and that there was insufficient findings to support the imposition of civil penalties.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations omitted; internal quotation marks omitted.)Dolgner v. Alander, 237 Conn. 272, 280 (1996). This court "must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. Ottochian v. Freedom of InformationCommission, [supra, 221 Conn. 397]. Even as to questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion . . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . New Haven v. Freedom ofCT Page 1866Information Commission, 205 Conn. 767, 774, 535 A.2d 1297
(1988)." (Internal quotation marks omitted.) Perkins v. Freedomof Information Commission, 228 Conn. 158, 164-65 (1993).
The plaintiff spends much of his brief arguing the merits of the earlier FOIC decisions ordering the disclosure of the requested information. Those claims, which concern whether the requested documents are subject to exemptions, should have been the subject of an earlier appeal. Carothers v. Capozziello,215 Conn. 82, 95 ("the governing principle is that administrative adjudications have a preclusive effect when `the parties have had an adequate opportunity to litigate'"). There was no showing here that the plaintiff was deprived of an adequate opportunity to litigate these issues in the earlier proceeding and to proceed with timely judicial review.
The two issues properly before the court in this appeal are whether there is substantial evidence to support the FOIC's finding of noncompliance, and the imposition of a civil penalty. The Commission found the following:
 4. It is found that the respondent neither took an administrative appeal of contested case docket #FIC 93-144, nor did he comply with this Commission's order to provide to the complainant free of charge a computer print-out containing the listing of overtime received by each police officer, as operative under the facts of that case.
 5. The respondent claims that the documents at issue relate to ongoing workers compensation claims.
 6. It is found that the respondent is not a party to a workers compensation claim filed by the complainant nor is the record at issue one of strategy or negotiation within the meaning of § 1-19 (b)(4), G.S.
 8. It is concluded that the respondent violated the provisions of § 1-19a(a), G.S., under the facts of this case.
 9. It is also concluded that the respondent denied a copy of the record at issue to the CT Page 1867 complainant without reasonable grounds.
 10. It is further concluded that the respondent failed to comply with the order of this Commission in contested case docket #FIC 93-144, within the meaning of § 1-21k(b), G.S.
(ROR, Item 14, Final Decision #FIC 93-301.)[1]
The plaintiff argues that he has complied with the FOIC order of September 22, 1993 by providing the complainants with certain information. While the record is not a masterpiece of clarity, it does contain items of evidence that defeat this argument. First of all, the September 22, 1993 FOIC order specifically reads,
 1. The respondent shall forthwith provide to the complainant, free of charge, a copy of the records identified in paragraph 5 of the findings, above.
Paragraph 5 reads,
 5. It is found that at the time of the complainant's request, the respondent had on file a computer print-out containing the listing of overtime received by each police officer, which record is a public record within the meaning of § 1-18a(d), G.S.
(ROR, Item 2, Final Decision #FIC 93-144.) Liano appeared at the hearing before the FOIC and testified about the noncompliance:
 I didn't get any of the computer printout information I was supposed to get. What I got were a few pieces of paper with numbers on them which I was told by several officials of the City of Bridgeport these were the figures, but some weren't sure they were correct. What I wanted was the computer printouts dating back to 1983 for the rank of Sergeant [sic].
 I've also received two other pieces of paper just recently that identify another portion of what they claim is the average overtime. I have no way of verifying this because they won't give me the computer printouts. CT Page 1868
(ROR, Item 11, pp. 2-3.) While Gaudette appeared and testified, Murphy did not. The plaintiffs' counsel agreed at the FOIC hearing that the computer printouts had not been provided, and in fact that the plaintiffs continued to claim they were exempt. (ROR, Item 11, p. 33.) Therefore, the court will not disturb the FOIC's finding of noncompliance.
Although not raised in the main brief; the plaintiff Murphy argues in his supplemental brief that the imposition of civil penalties in the amount of $150 is not supported by the record. He argues further that the finding of"without reasonable grounds" was made without an articulation of the grounds underlying the finding or of the standard employed by the FOIC.
Under General Statutes § 1-21i(b),
 [U]pon the finding that a denial of any right created by sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, was without reasonable grounds and after the custodian or other official directly responsible for the denial has been given an opportunity to be heard at a hearing conducted in accordance with sections 4-176e to 4-184, inclusive, the commission may, in its discretion, impose against the custodian or other official a civil penalty of not less than twenty dollars nor more than one thousand dollars.
The record reflects that the FOIC found a denial of a right under General Statutes § 1-19a(a) and provided Murphy with an opportunity to be heard at a hearing conducted pursuant to the Uniform Administrative Procedures Act, General Statutes § 4-166, et seq. After the hearing, it determined that Murphy's failure to comply with the FOIC's earlier order requiring production was without reasonable grounds pursuant to General Statutes § 1-21i(b). As noted by the FOIC, Murphy did not appeal the earlier order requiring him to provide Liano and DeNiro with the requested information. The earlier decision clearly addressed the issues of exemption upon which Murphy claims he reasonably relied upon in not complying with the order. Further, the record shows that Murphy knew that he did not provide all the requested information ordered to be provided. (ROR, Item 11, p. 33, remarks of Attorney Barton.) The record supports a finding that the denial was without reasonable CT Page 1869 grounds.
In light of this court's scope of review of the FOIC's actions under § 4-183 and the discretion allowed in imposing the penalty, the court will not disturb this order. See EastWindsor v. FOIC, 40 Conn. Sup. 233, 234-35 (1985).
The appeal is dismissed.
DiPentima, J.