RAYMOND O'CONNELL ET AL. *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
(AC 17870)

Lavery, Spear and Kulawiz, Js.[1]

---

[1] This appeal was argued before a panel comprised of Judges Lavery, Spear and Kulawiz. Although Judge Kulawiz agreed with the other two

374

Argued December 4, 1998—officially released August 3, 1999

*John A. Cotter*, for the appellants (plaintiffs).

*Victor R. Perpetua*, appellate attorney, with whom, on the brief, was *Mitchell W. Pearlman*, general counsel, for the appellee (named defendant).

*Opinion*

LAVERY, J. The plaintiffs[2] appeal from the Superior Court's dismissal of their appeal from the freedom of

judges regarding the resolution of this appeal, she died before she had the opportunity to concur with the written decision. The parties stipulated, however, rather than reargue the appeal to this court with a panel consisting of the original two judges and an additional judge, that they would permit the remaining two judges alone to render this written decision.

[2] The plaintiffs are Raymond O'Connell, chief of the Yantic fire department; Joseph W. Winski, Sr., chief of the East Great Plain fire department; Steven Caisse, chief of the Taftville fire department; Kevin McKeon, chief of the

information commission's decision requiring them to produce requested records and imposing civil penalties on them. The plaintiffs claim that the Superior Court improperly determined that the commission did not abuse its discretion in concluding (1) that they were required to disclose the requested records to the complainants because they concerned public matters rather than "fraternal or social matters," (2) that Public Acts 1996, No. 96-83 (P.A. 96-83), was not intended to apply retroactively to exempt the requested records from disclosure and (3) that the fines imposed by the commission were reasonable and did not violate public policy. We affirm the judgment of the trial court.

The following facts are necessary to our resolution of this appeal. In January, 1994, the complainants, Cindy Oulette and the Taxpayers Association of Norwich, requested copies of charters, by-laws, policies and procedures and names and addresses of current members of the five Norwich volunteer fire departments. After the plaintiffs denied the complainants access to copies of the requested documents, the complainants appealed to the commission. On October 12, 1994, the commission found that the fire departments were public agencies under General Statutes (Rev. to 1993) § 1-18a (a)[3] and that the requested records were public records under General Statutes

Occum fire department; and Philip Johnson, chief of the Laurel Hill fire department.

[3] General Statutes (Rev. to 1993) § 1-18a (a) provides: " 'Public agency' or 'agency' means any executive, administrative or legislative office of the state or any political subdivision of the state and any state or town agency, any department, institution, bureau, board, commission, authority or official of the state or of any city, town, borough, municipal corporation, school district, regional district or other district or other political subdivision of the state, including any committee of any such office, subdivision, agency, department, institution, bureau, board, commission, authority or official, and also includes any judicial office, official, or body or committee thereof but only in respect to its or their administrative functions." That section was transferred to General Statutes § 1-200 (1) in 1999.

§§ 1-18a (d)[4] and 1-19.[5] The commission, therefore, ordered the plaintiffs to provide copies of the requested records to the complainants. The plaintiffs appealed to the Superior Court from the commission's decision. On October 13, 1994, the Superior Court dismissed the appeal,[6] concluding that the commission's decision was reasonably based on the evidence and existing law. On August 13, 1996, this court, in a per curiam opinion, affirmed the dismissal.[7]

On September 9, 1996, the complainant Oulette, contending that the plaintiffs failed to comply with the order, filed a second complaint with the commission. Oulette also requested that the commission impose civil penalties on the plaintiffs. The commission held a hearing on October 15, 1996, in which it concluded that the plaintiffs had failed to produce the requested documents pursuant to its order. The plaintiffs, at the hearing, argued that the recently enacted P.A. 96-83, which amended General Statutes (Rev. to 1995) § 7-314 (b),[8]

[4] General Statutes (Rev. to 1993) § 1-18a (d) provides: " 'Public records or files' means any recorded data or information relating to the conduct of the public's business prepared, owned, used, received or retained by a public agency, whether such data or information be handwritten, typed, tape-recorded, printed, photostated, photographed or recorded by any other method." That section was transferred to General Statutes § 1-200 in 1999.

[5] General Statutes (Rev to 1993) § 1-19 (a) provides in relevant part: "Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records . . . ." That section was transferred to General Statutes § 1-210 in 1999.

[6] See *Yantic Volunteer Fire Co.* v. *Freedom of Information Commission*, 44 Conn. Sup. 230, 682 A.2d 156 (1996).

[7] See *Yantic Volunteer Fire Co.* v. *Freedom of Information Commission*, 42 Conn. App. 519, 679 A.2d 989 (1996).

[8] General Statutes (Rev. to 1995) § 7-314 (b), as amended by P.A. 96-83, provides: "The records and meetings of a volunteer fire department which is established by municipal charter or constituted as a not-for-profit Connecticut corporation shall not be subject to the provisions of sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, if such records and meetings concern fraternal or social matters. Records and meetings

protected the "internal corporate records of the fire companies which are the subject of the proceeding." On December 11, 1996, the commission concluded that (1) P.A. 96-83 did not exempt the requested documents from disclosure and (2) even if P.A. 96-83 did exempt the requested documents from disclosure, the plaintiffs failed to establish that P.A. 96-83 could be applied retroactively. The commission also imposed a $750 penalty on each plaintiff for failing to comply with its original order. The plaintiffs appealed to the Superior Court from the commission's order. The Superior Court dismissed the appeal, and the plaintiffs appealed to this court.

"Judicial review of an administrative agency's action is governed by the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq., and the scope of that review is limited. . . . When reviewing the trial court's decision, we seek to determine whether it comports with the [UAPA]. . . . We look to see if the [trial] court reviewing the administrative agency acted unreasonably, illegally, or in abuse of discretion." (Citation omitted; internal quotation marks omitted.) *Dorlenzio* v. *Freedom of Information Commission*, 48 Conn. App. 424, 430, 710 A.2d 801 (1998).

"Conclusions of law reached by the administrative agency must stand if . . . they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion. . . . Neither we, nor the trial court, may retry the case

concerning matters of public safety, expenditures of public funds or other public business shall be subject to disclosure under said sections." That section was subsequently amended to substitute "the Freedom of Information Act, as defined in section 1-200," for the listed sections.

or substitute our own judgment for that of the commission." (Citations omitted; internal quotation marks omitted.) *Dept. of Public Safety* v. *Freedom of Information Commission*, 51 Conn. App. 100, 104, 720 A.2d 268 (1998).

I

The plaintiffs first claim that the Superior Court improperly determined that the commission did not abuse its discretion in concluding that General Statutes (Rev. to 1995) § 7-314 (b), as amended by P.A. 96-83, required the plaintiffs to disclose the requested documents. Specifically, the plaintiffs claim that the Superior Court should have concluded that the commission should have examined the legislative history of § 7-314 (b), in addition to examining its plain language, to determine that the plaintiffs were not required to disclose the requested documents because the documents concerned "fraternal or social matters." We disagree.

"A fundamental tenet of statutory construction is that statutes are to be considered to give effect to the apparent intention of the lawmaking body. . . . When the words of a statute are clear and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretive guidance. . . . Where there is ambiguity in the statute, however, we ascertain the actual intent by looking to the language of the statute itself, its legislative history, the circumstances surrounding its enactment and its purpose. . . . The words of a statute must be interpreted according to their ordinary meaning unless their context dictates otherwise." (Citation omitted; internal quotation marks omitted.) *Bridgeport Firefighters Assn., IAFF, Local 834* v. *Bridgeport*, 48 Conn. App. 667, 670, 711 A.2d 1188, cert. denied, 245 Conn. 918, 717 A.2d 236 (1998).

We conclude that the commission and the Superior Court properly examined only the plain language of the statute to conclude that the plaintiffs were required to disclose the requested documents. As the commission concluded, the plain language of the statute exempts records from disclosure only when they concern "fraternal or social matters." The Superior Court, after reviewing the record, properly upheld the commission's conclusion that the requested charters, by-laws, policies, procedures and names and addresses did not concern fraternal or social matters, but instead concerned public matters.[9] We conclude, therefore, that the plain language of the statute required disclosure of the requested records and that there was no need for further interpretive guidance.

II

The plaintiffs' second claim is that the Superior Court improperly failed to determine that the commission abused its discretion in concluding that, even if P.A. 96-83 exempted the requested documents from disclosure, that act was not intended to apply retroactively. Specifically, the plaintiffs claim that the Superior Court should have determined that the commission failed to examine

[9] The plaintiffs also claim that the commission improperly ordered them to disclose the names and home addresses of the members of the fire departments. "Connecticut courts have considered a person's reasonable expectation of privacy and the potential for embarrassment as significant factors in determining if disclosure [of public records] would constitute an invasion of privacy." (Internal quotation marks omitted.) *West Hartford* v. *Freedom of Information Commission*, 218 Conn. 256, 263, 588 A.2d 1368 (1991). Ordinarily, an address is not a private fact exempt from disclosure unless the party seeking exemption can show that it has taken significant efforts to keep its address private. Id., 265.

Nothing in the record indicates that the plaintiffs have taken serious efforts to insulate their addresses from the public domain. Indeed, the plaintiffs, in their briefs, claim only that they "objected strenuously to the release of their names and home addresses" to the *complainant*. Accordingly, we conclude that the commission properly ordered the plaintiffs to release their names and addresses to the complainants.

the legislative history of the statute in concluding that it was not intended to be applied retroactively. In light of our conclusion that the plain language of the statute required the plaintiffs to disclose the requested documents, we decline to address the plaintiffs' claim.

## III

The plaintiffs' final claim is that the Superior Court improperly failed to conclude that the fines imposed by the commission were unreasonable and violated public policy. Specifically, the plaintiffs contend that the Superior Court should have determined that the commission abused its discretion by imposing fines for the plaintiffs' failure to comply with its order. We disagree.

General Statutes (Rev. to 1995) § 1-21i (b) (2), now § 1-206 (b) (2), provides in relevant part: "[U]pon the finding that a denial of any right created by sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, was without reasonable grounds . . . the commission may, in its discretion, impose against the custodian or other official a civil penalty of not less than twenty dollars nor more than one thousand dollars. . . ." The commission concluded that the plaintiffs unreasonably relied on P.A. 96-83 to not disclose the records and imposed a $750 fine on each plaintiff. We conclude that the commission reasonably could have determined that the plaintiffs' reliance on P.A. 96-83 was an unreasonable ground for failing to disclose the records as ordered. As discussed previously, P.A. 96-83 clearly did not exempt the requested records from disclosure. Accordingly, we conclude that the commission's imposition of fines is supported by the record.

The judgment is affirmed.

In this opinion SPEAR, J., concurred.