*420
 
 BISHOP, J.
 

 In this habeas matter, filed on June 27, 1994, Kevin McCommic, the petitioner, alleges that the respondent, commissioner of correction (commissioner), has miscalculated his eligibility date for parole by not crediting toward a reduction of his sentence the good time credits he has earned pursuant to General Statutes § 18-7a. By amended petition dated February 3, 1995, the petitioner has set forth the number of days of jail credit he earned in presentence confinement in lieu of bond, the number of days of jail credit good time he has earned, the number of days of seven day job credits he has earned, and the number of days of statutory good time he has earned. Additionally, he has set forth the number of days he has actually served in postconviction confinement. The petitioner claims that the sentence imposed by the court should be reduced by the aggregate number of these days for purposes of determining his earliest parole eligibility date, and he alleges that by such calculation he is presently eligible for parole. By subsequent amended petitions, the petitioner has updated the number of days of sentence commutation he claims to have earned. As relief, the petitioner asks the court to order the commissioner to change the manner in which his time is calculated so that he may appear before the parole board.
 

 By pleading dated April 12,1996, the respondent has filed a motion for summary judgment claiming, inter alia, that the court lacks subject matter jurisdiction.
 

 The underlying facts are not in dispute. The petitioner was sentenced pursuant to a mittimus issued by the Superior Court, judicial district of Hartford, on March 30, 1989, to a term of confinement of twenty years for the crime of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3).
 

 The parties also agree that the petitioner served 433 days in presentence confinement. The commissioner
 
 *421
 
 does not dispute the petitioner’s claim that, as of December 15, 1995, the petitioner had earned 433 days as pretrial confinement time, 144 days as jail good time credit, 876 days as statutory good time, 238 days as seven day job credit time, and that he had actually served 2342 days in postconviction confinement. Nor does the commissioner contest the petitioner’s claim that the aggregation of these days totals 4033 days. The court notes that, as a matter of mathematical calculation, 4033 days is more than one half of the petitioner’s total of twenty years.
 

 The commissioner claims that the petitioner is entitled to have, as credit toward his sentence for purposes of determining parole eligibility, only the 433 days he served in pretrial confinement. Thus, it is the commissioner’s view that the petitioner’s parole eligibility date should be calculated by adding the number of his pretrial confinement days to the number of postconviction days he has actually served and that the petitioner is eligible for parole consideration only when that number equals one half of his twenty year sentence. By the commissioner’s calculation, the petitioner’s earliest parole eligibility date is January 22, 1998.
 

 The commissioner argues that General Statutes § 54-125a, relating to the parole of prisoners who are serving definite or aggregate sentences of more than two years, indicates that such prisoners are not eligible for parole until they have been confined for not less than one half of the sentence imposed by the court. The commissioner argues that because § 54-125a does not state that the sentence may be reduced by good time credits earned by the inmate, no such reduction should be read into the statute. In a statutory construction argument, the commissioner argues that because General Statutes § 54-125, dealing with prisoners who are serving indeterminate sentences, does state that statutory good time days may be subtracted in calculating the date of parole
 
 *422
 
 eligibility for prisoners serving indeterminate sentences, the court must conclude that the General Assembly’s omission of this language in § 54-125a was intentional.
 

 The petitioner, on the other hand, cites
 
 Seno
 
 v.
 
 Commissioner of Correction,
 
 219 Conn. 269, 593 A.2d 111 (1991), for the proposition that his good time credits must be subtracted in the calculation of his sentence. While
 
 Seno
 
 did not deal with the issue of sentence calculation for parole purposes, this court notes that in a footnote the
 
 Seno
 
 court stated: “[G]ood time is a commutation of a sentence, affecting an inmate’s parole and discharge dates, thereby serving an important rehabilitative function by allowing an inmate the opportunity to earn an earlier release for himself.” (Internal quotation marks omitted.) Id., 270 n.l. The court also notes that the same language can be found as a footnote in
 
 McCarthy
 
 v.
 
 Commissioner of Correction,
 
 217 Conn. 568, 569 n.1, 587 A.2d 116 (1991), and in
 
 Wilson
 
 v.
 
 Warden,
 
 34 Conn. App. 503, 503-504 n.l, 642 A.2d 724, cert. denied, 230 Conn. 908, 644 A.2d 922 (1994). It is, however, dicta in each instance.
 

 The commissioner also argues that the court should not reach the merits of the petitioner’s claim because the petitioner does not raise an issue justiciable in habeas jurisdiction. The court agrees.
 

 The court’s determination does not flow from an indifference to the petitioner’s claim but rather from its understanding of the parameters of habeas jurisdiction and its belief that the integrity of the Great Writ will more likely be preserved if habeas relief is limited to its historical purpose of testing the legality of detention. Our Appellate Court has previously stated that “[t]here is no warrant in either the statute or the writ for its
 
 *423
 
 use to invoke judicial determination of questions which could not affect the lawfulness of the custody and detention, and no suggestion of such a use has been found in the commentaries on the English common law.” (Internal quotation marks omitted.)
 
 Vincenzo
 
 v.
 
 Warden,
 
 26 Conn. App. 132, 136, 599 A.2d 31 (1991). Thus, in
 
 Vincenzo,
 
 the court sustained the dismissal of a habeas petition concerning the procedures utilized by the parole board on the basis that a petitioner had no liberty interest in parole release. The court stated: “[W]e hold that § 54-125 also creates no protected constitutional or statutory liberty interest in parole release that gives rise to a claim of illegal confinement in a habeas action.” Id., 142-43. Similarly, the United States Supreme Court has opined: “There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.”
 
 Greenholtz
 
 v.
 
 Nebraska Penal Inmates,
 
 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). Accordingly, because the issue raised by the petitioner does not implicate a liberty interest cognizable in habeas jurisdiction, the commissioner’s motion for summary judgment is granted and the petition is dismissed.