## KEVIN MCCOMMIC *v.* COMMISSIONER OF CORRECTION
### (16256)

O'Connell, Hennessy and Stoughton, Js.

Argued January 13—officially released March 18, 1997

*Kevin McCommic*, pro se, the appellant (petitioner).

*L. D. McCallum*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (respondent).

PER CURIAM. The petitioner in this habeas corpus action appeals from the granting of summary judgment dismissing his petition. The petitioner, a sentenced prisoner in the respondent's custody, brought this habeas corpus petition alleging illegal confinement and claiming entitlement to sentence good conduct credits to reduce the amount of time until his parole eligibility date. The respondent filed a return to the petition and then moved for summary judgment.[1]

Following briefing and argument, the habeas court granted the defendant's summary judgment motion and dismissed the petition on the ground that the petitioner had no liberty interest in any particular potential release

---

[1] Practice Book § 529P provides: "At any time after the pleadings are closed, any party may move for summary judgment, which shall be rendered if the pleadings, affidavits and any other evidence submitted show that there is no genuine issue of material fact between the parties requiring a trial and the moving party is entitled to judgment as a matter of law."

date of parole. The habeas court granted certification and the petitioner appealed to this court.

The dispositive issue on appeal is whether the habeas court properly concluded that the petitioner had not raised a justiciable issue.

We are persuaded by our consideration of the oral arguments and our examination of the record and the briefs of the parties that the judgment of the habeas court should be affirmed. In a thoughtful and comprehensive memorandum of decision, the trial court analyzed the law in a manner consistent with statutes and case precedents. *McCommic* v. *Commissioner of Correction*, 44 Conn. Sup. 417, 691 A.2d 47 (1997). Because that memorandum addresses the dispositive issue in this appeal, we adopt the trial court's well reasoned decision as a statement of the applicable law. It would serve no useful purpose for us to repeat the discussion contained therein. See *Yantic Volunteer Fire Co.* v. *Freedom of Information Commission*, 42 Conn. App. 519, 522, 679 A.2d 989 (1996); *State* v. *Mobley*, 33 Conn. App. 103, 105, 633 A.2d 726 (1993), cert. denied, 228 Conn. 917, 636 A.2d 849 (1994).

The judgment is affirmed.