### DANIEL KEYES, JR. *v.* PENNSYLVANIA GENERAL ACCIDENT INSURANCE COMPANY (AC 15462)

Dupont, C. J., and O'Connell and Hennessy, Js.

Submitted on briefs March 6—officially released May 13, 1997

*Frank J. Kolb, Jr.*, and *Louis A. Crisci, Jr.*, filed a brief for the appellant (plaintiff).

*Michael J. Quinn* filed a brief for the appellee (defendant).

PER CURIAM. The plaintiff[1] appeals from the trial court's judgment confirming an arbitration award in favor of the defendant. The issue submitted to the arbitrators was framed as follows: "Where the injured nonresident passenger recovers the full liability coverage from the at fault car's carrier in a one car accident under a single limit $300,000 policy which insures three (3) cars, does the claimant have an underinsured motorist claim against the same carrier for the balance of the policy?"

A majority of the three member arbitration panel answered the question in the negative. The trial court denied the plaintiff's motion to vacate the arbitration award and granted the defendant's motion to confirm the award. The plaintiff appealed to this court.

We are persuaded by our examination of the record and consideration of the briefs of the parties that the judgment of the trial court should be affirmed. In a thoughtful and comprehensive memorandum of decision, the trial court analyzed the law in a manner consistent with our statutes and case precedents. *Keyes* v. *Pennsylvania General Accident Ins. Co.*, 44 Conn. Sup. 499, 695 A.2d 543 (1995). Because that memorandum addresses the arguments raised in this appeal, we adopt the trial court's well reasoned decision as a statement

---

[1] After the appeal was filed, the plaintiff died. On November 1, 1996, we granted the motion of Daniel Keyes, Sr., administrator of the plaintiff's estate, to be substituted as the plaintiff.

of the applicable law. It would serve no useful purpose for us to repeat the discussion contained therein. See *Yantic Volunteer Fire Co.* v. *Freedom of Information Commission,* 42 Conn. App. 519, 522, 679 A.2d 989 (1996); *State* v. *Mobley,* 33 Conn. App. 103, 105, 633 A.2d 726 (1993), cert. denied, 228 Conn. 917, 636 A.2d 849 (1994).

The judgment is affirmed.