[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The issue presented by this motion to dismiss is whether the court has subject matter jurisdiction over an appeal from the decision of the board of parole (board) revoking an individual's parole. Because the underlying administrative proceeding is not a "contested case," as defined in General Statutes § 4-166 (2), the motion to dismiss is granted.
The following facts are relevant to this motion. The plaintiff Benjamin Reid was sentenced to life in prison in 1957. He was released on parole in 1985. He moved to Massachusetts after his release. On May 28, 1996, he allegedly threatened a Massachusetts woman with whom he was acquainted. The woman sought and received a restraining order from the Massachusetts Superior Court. After voluntarily surrendering himself to Massachusetts authorities, the plaintiff waived extradition and a preliminary parole hearing and was returned to Connecticut for a parole revocation hearing.
On January 7, 1997, the board held a hearing on the revocation of the plaintiff's parole based upon his conduct of May 28, 1996. The board's oral ruling revoking his parole was confirmed in a letter dated January 8, 1997, which was mailed to CT Page 12167 the plaintiff. In revoking the plaintiff's parole pursuant to General Statutes § 54-126, the board determined that the plaintiff's conduct violated condition 11 of his parole. Condition 11 states: "Your release on parole is based upon the conclusion of a parole panel that you will live and remain at liberty without violating the law and that your release will not be incompatible with the welfare of society. In the event that you engage in conduct in the future which renders this conclusion no longer valid, then your parole will be revoked or modified accordingly."
On February 20, 1997, purportedly pursuant to General Statutes § 4-183, the plaintiff appealed the board's decision. This motion to dismiss was filed on April 4, 1997, and the memorandum in opposition was filed on April 16, 1997. After initially requesting oral argument, the plaintiff, on August 26, 1997, agreed to have the court to take this matter on the papers.
In its motion to dismiss, the board claims this court lacks subject matter jurisdiction because an appeal from its decision to revoke parole is not authorized by statute. Specifically, the board argues that the underlying administrative proceeding is not a "contested case" pursuant to General Statutes § 4-166 (2). See Summit Hydropower v. Commissioner of EnvironmentalProtection, 226 Conn. 792 (1993); Lewis v. GamingPolicy Board, 224 Conn. 693 (1993); Toise v. Rowe,44 Conn. App. 143, cert. granted, 240 Conn. 913 (1997);Dadiskos v. Connecticut Real Estate Commission,37 Conn. App. 777 (1995).
"A motion to dismiss is the proper vehicle to attack the jurisdiction of the court." Third Taxing District v.Lyons, 35 Conn. App. 795, cert. denied, 231 Conn. 936
(1994). It "admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Citations and internal quotation marks omitted.) Malasky v. Metal Products Corp.,44 Conn. App. 446, 451-52, cert. denied, 241 Conn. 906 (1997); see also Practice Book § 143.
"Judicial review of an administrative decision is a creature of statute." Summit Hydropower v. Commissioner ofEnvironmental Protection, supra, 226 Conn. 799. General Statutes § 4-183 permits an appeal to the Superior Court by a person aggrieved by a final decision of an administrative agency. CT Page 12168 A "final decision" is defined as "the agency determination in a contested case." General Statutes § 4-166 (3). A "contested case" is "a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held." General Statutes § 4-166 (2).
"The test for determining contested case status has been well established and requires an inquiry into three criteria, to wit: (1) whether a legal right, duty or privilege is at issue, (2) and is statutorily required to be determined by the agency (3) through an opportunity for hearing or in which a hearing is in fact held." Summit Hydropower v. Commissioner ofEnvironmental Protection, supra, 226 Conn. 800-01.
"To ascertain whether a statute requires an agency to determine the legal rights or privileges of a party in a hearing or after an opportunity for a hearing, we need to examine all the statutory provisions that govern the activities of the particular agency or agencies in question." (Internal quotation marks omitted.) Summit Hydropower v. Commissioner of EnvironmentalProtection, supra, 226 Conn. 802-03.
The defendant board is responsible for supervising persons on parole. General Statutes § 54-124c. A panel of the board has discretion to grant parole to inmates who meet certain requirements. General Statutes §§ 54-125 and 54-125a. General Statutes § 54-124a (e) provides that the chairperson of the board shall assign board members to panels. "Such panels shall be the paroling authority for the institutions to which they are assigned and not less than two members shall be present at each parole hearing." Section 54-124a (e). The chairperson of the board "shall retake and reimprison any convict upon parole, for any reason that such panel, or the chairman with the approval of the panel, deems sufficient." General Statutes § 52-126.
A "hearing must be statutorily required before a matter achieves contested case status." Summit Hydropower v.Commissioner of Environmental Protection, supra,226 Conn. 808; see also Taylor v. Robinson, 171 Conn. 691, 698
(1976). The plaintiff asks this court to imply a hearing requirement for parole revocation proceedings based on the statutory language of §§ 54-125b and 54-126a and the plaintiff's liberty interests. He argues that the reference to the presence of panel members at a "parole hearing" under § CT Page 1216954-124a indicates that any decision made by a panel to revoke parole under § 54-126 must be made after a hearing. The court disagrees.
First, an inmate has "no liberty interest in or right to parole release." Vincenzo v. Warden,26 Conn. App. 132, 143 (1991); see also McCommic v. Commissioner ofCorrection, 44 Conn. Sup. 417 (1996), aff'd,44 Conn. App. 470 (1997) (per curiam). Second, General Statutes § 54-125b
(a) refers to a "parole hearing" in the context of allowing an inmate to "go on parole." None of the statutes refers to a hearing in the context of revocation proceedings. "The statutory requirement that an appeal to the Superior Court may be taken only from a contested case as defined in § 4-166 (2) is an obvious indicator that the legislature did not intend to authorize a right of appeal to the Superior Court from every determination of an administrative agency." SummitHydropower v. Commissioner of Environmental Protection,supra, 226 Conn. 800. If the legislature intended to require a hearing in parole revocation proceedings, it could have done so explicitly. State v. Paine, 240 Conn. 766, 776
(1997).[1]
The board's decision is not a "final decision" in a "contested case" because a hearing on the plaintiff's revocation of parole is not statutorily required. The court, therefore, lacks jurisdiction to hear this appeal.
The appeal is dismissed.
DiPentima, J.