E. J. ELLIOTT ET AL. *v.* RAYMOND STARON, EXECUTOR (ESTATE OF PAULINE STARON) (AC 17774)

O'Connell, C. J., and Sullivan and Spallone, Js.

Argued April 19—officially released August 31, 1999

*Kenneth J. Bartschi*, with whom were *Wesley W. Horton* and, on the brief, *Andre Nagy* and *Michele C. Camerota*, legal intern, for the appellant (defendant).

*Heidi McGee*, with whom, on the brief, was *Daniel Shepro*, for the appellees (plaintiffs).

*Opinion*

PER CURIAM. This is an appeal from the judgment of the trial court rendered for the plaintiffs, holding that the defendant breached the lease between the parties. The defendant, Raymond Staron, executor, claims

that the trial court improperly concluded that he (1) breached the lease and the implied covenant of good faith and fair dealing and (2) tortiously interfered with the plaintiffs' business relations, thereby committing a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. We affirm the judgment of the trial court.

This action was commenced by the plaintiffs, E. J. Elliott and John M. Elliott, against the defendant, Raymond Staron, executor of the estate of Pauline Staron, seeking damages arising from a lease agreement between the parties, pertaining to 3355 Post Road in Fairfield. The revised complaint, in four counts, alleges breach of contract, tortious interference of a business relationship, breach of an implied covenant of good faith and fair dealing and a violation of CUTPA. The defendant has responded with, inter alia, a counterclaim seeking to recover attorney's fees incurred during a prior action between the parties.

The trial court found the issues for the plaintiffs and rendered judgment on the complaint that the plaintiffs recover $351,000 in damages and rendered judgment for the plaintiffs on the defendant's counterclaim.

Our examination of the record and briefs, with due accord given arguments of counsel, persuades us that the trial court's judgment should be affirmed. The issues regarding the underlying disputes advanced in the complaint and counterclaim were resolved properly in the trial court's memorandum of decision. *Elliott* v. *Staron*, 46 Conn. Sup. 38, 735 A.2d 902 (1997). Because that memorandum of decision fully addresses the arguments raised on appeal, we adopt it as a proper statement of the facts and the applicable law on those issues. It would serve no useful purpose for us to repeat the

discussion contained therein. See *In re Karrlo K.*, 40 Conn. App. 73, 75, 668 A.2d 1353 (1996).

The judgment is affirmed.