### E. J. ELLIOTT ET AL. *v.* RAYMOND STARON, EXECUTOR (ESTATE OF PAULINE M. STARON) (SC 16209)

Borden, Norcott, Katz, Palmer and Flynn, Js.

Argued November 1—officially released December 12, 2000

*Kenneth J. Bartschi*, with whom were *Wesley W. Horton* and, on the brief, *Andre Nagy*, for the appellant (defendant).

---

*Ridgely W. Brown,* with whom, on the brief, was *Daniel Shepro,* for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The defendant, Raymond Staron, the executor of the estate of Pauline M. Staron, appeals, pursuant to our grant of certification, from the judgment of the Appellate Court affirming the judgment of the trial court in favor of the plaintiffs, E. J. Elliott and John M. Elliott, on their complaint and on the defendant's counterclaim. *Elliott* v. *Staron,* 54 Conn. App. 632, 736 A.2d 632 (1999). The trial court had determined that the defendant (1) breached the lease between the parties, (2) tortiously interfered with the plaintiffs' business relations and (3) violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. We granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly affirm the trial court's judgment to the extent that the judgment was based on a finding that the defendant had breached an implied covenant of good faith and fair dealing?" *Elliott* v. *Staron,* 251 Conn. 911, 739 A.2d 1247 (1999).

The gravamen of the defendant's claim in this appeal is that the trial court's finding impermissibly applied the implied covenant of good faith and fair dealing to an obligation to renegotiate the lease between the parties, rather than to the enforcement of the lease. After reviewing the entire record on appeal, and considering the briefs and oral arguments of the parties, we conclude that the case does not squarely present that issue. We therefore conclude that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.