JAMES SANSONE ET AL. *v.* NATIONWIDE MUTUAL
FIRE INSURANCE COMPANY
(AC 20165)

Schaller, Mihalakos and Hennessy, Js.

Argued January 9—officially released March 27, 2001

*Timothy J. Lee*, for the appellants (plaintiffs).

*Charles E. Hickey*, with whom, on the brief, was *Michael Feldman*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiffs, James Sansone and Roberta Sansone, appeal from a summary judgment rendered by the trial court in favor of the defendant, Nationwide Mutual Fire Insurance Company. On appeal, the plaintiffs claim that the court improperly concluded that (1) the evidence, when viewed in the light most favorable to them, does not establish, as a matter of law, that termite infestation proximately caused the damage to their residence and (2) their loss

was excluded from coverage under their homeowners policy. We affirm the judgment of the trial court.

In their complaint, the plaintiffs alleged that the defendant breached its insurance contract when it refused to indemnify them under their homeowners policy for property damage sustained when one of the walls of their residence collapsed. The plaintiffs also allege that the defendant breached the covenant of good faith and fair dealing when it "intentionally and maliciously" rejected their claim, and that it acted in bad faith in denying coverage "without a reasonable basis." The defendant denied liability and raised a special defense, alleging that insect infestation caused the loss complained of by the plaintiffs and that losses of this type were excluded from coverage under the plaintiffs' homeowners policy. The plaintiffs denied the special defense.

The defendant, thereafter, filed a motion for a summary judgment, in which it argued that the plaintiffs' homeowners policy did not afford coverage under the facts of the case and that it, consequently, was not liable. The plaintiffs filed a memorandum in opposition. The court rendered summary judgment for the defendant, ruling that the evidence, when viewed in the light most favorable to the plaintiffs, established as a matter of law that termites had caused the damage to the plaintiffs' property. The court also held that the plaintiffs' homeowners policy excluded losses that were proximately caused by insect infestation.

Our review of the record, the briefs and oral argument persuades us to conclude that the judgment should be affirmed. The court's memorandum of decision is detailed, thoughtful and comprehensive. Its analysis is consistent with our applicable law and precedents, and we, therefore, adopt the court's well reasoned decision. See *Sansone* v. *Nationwide Mutual Fire Ins. Co.*, 47

Conn. Sup. 35, 770 A.2d 500 (1999). It would serve no useful purpose to repeat the discussion contained therein. See *Keyes* v. *Pennsylvania General Accident Ins. Co.*, 45 Conn. App. 140, 142, 695 A.2d 548 (1997); *McCommic* v. *Commissioner of Correction*, 44 Conn. App. 470, 471, 689 A.2d 526 (1997).

The judgment is affirmed.