MERI-WEATHER, INC., ET AL. *v.* FREEDOM OF
INFORMATION COMMISSION ET AL.

MERI-WEATHER, INC. *v.* MICHAEL KELLEY ET AL.
(AC 20731)

Lavery, C. J., and Dranginis and Hennessy, Js.

Argued April 30—officially released June 12, 2001

*David L. Metzger*, for the appellants (plaintiffs).

*Victor R. Perpetua*, appellate attorney, with whom, on the brief, were *Clifton A. Leonhardt*, chief counsel, and *Mitchell W. Pearlman*, general counsel, for the appellee (defendant freedom of information commission).

*Christopher P. Hankins*, deputy city attorney, for the appellee (defendant Mark Benigni).

*Opinion*

PER CURIAM. The plaintiff Meri-Weather, Inc. (Meri-Weather),[1] appeals from the judgments of the trial court rendered in favor of the defendants, the freedom of

---

[1] Gregory P. Haskins, the chief executive officer of Meri-Weather, also was a plaintiff in the first case. We refer in this opinion to Meri-Weather as the plaintiff.

information commission (commission) and Mark Benigni in the first case, and Michael Kelley, the Record-Journal Publishing Company and the commission in the second case,[2] dismissing the plaintiff's administrative appeals from two decisions by the commission.[3] The commission found in each case that Meri-Weather was subject to the Freedom of Information Act (act), General Statutes § 1-200 et seq., as the functional equivalent of a public agency. Meri-Weather is the plaintiff in both matters, and the issues involved in those cases on appeal are identical. The cases were joined for purposes of appeal pursuant to Practice Book § 61-7 (a) (1).[4]

On appeal, the plaintiff claims that the court improperly (1) determined that the "extent of government involvement" factor of the functional equivalent test of a public agency was met even though the core activities of the plaintiff were not subject to government involvement or regulation, (2) relied on the alter ego doctrine in determining that the plaintiff was the functional equivalent of a public agency, (3) determined that the plaintiff was created by the government and (4) determined that the plaintiff was the functional equivalent of a public agency subject to the act.

The defendants respond that the court correctly concluded that (1) the plaintiff is the functional equivalent

[2] Benigni, a Meriden city councilor, and Kelley, a managing editor for the Record-Journal Publishing Company in Meriden, each had sought certain financial documents from Meri-Weather prior to filing complaints with the commission seeking disclosure of those documents.

[3] The plaintiff filed separate appeals in the Superior Court from the commission's decisions. The Superior Court dismissed the plaintiff's appeals in separate memoranda of decision. In its memorandum in the second appeal, the court adopted its decision that is contained in its memorandum in the first case. We adopt the court's memorandum of decision in the first case as a correct statement of the law in both cases.

[4] Practice Book § 61-7 (a) (1) provides in relevant part: "Two or more plaintiffs or defendants in the same case may appeal jointly or severally. Separate cases heard together and involving at least one common party may as of right be appealed jointly, provided all the trial court docket numbers are shown on the appeal form . . . ."

of a public agency subject to the act, (2) there was substantial evidence on the record to support a conclusion that Meri-Weather was created by the government, (3) there was substantial evidence on the record to support a conclusion that the Meriden community action agency (agency) had dominant control of Meri-Weather, (4) the agency satisfied the functional equivalent test because the court gave particular weight to its domination of Meri-Weather and (5) public policy considerations support disclosure by a nominally private corporation performing a governmental function related to community development to promote accountability concerning those critical governmental functions.

Our examination of the record and briefs persuades us that the judgments should be affirmed. The court's memorandum of decision in the first case, which the court adopted as its decision in the second case, is detailed, thoughtful and comprehensive. Its analysis is consistent with our applicable law and precedents, and we therefore adopt the court's well reasoned decision. See *Meri-Weather, Inc.* v. *Freedom of Information Commission*, 47 Conn. Sup. 113, 778 A.2d 1038 (2000). It would serve no useful purpose to repeat the discussion contained therein. See *Sansone* v. *Nationwide Mutual Fire Ins. Co.*, 62 Conn. App. 526, 528, 771 A.2d 243 (2001).

The judgment is affirmed.