[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
One defendant, Utica Mutual Insurance Co. (Utica), moves to strike the second and third counts of the plaintiff's amended complaint. In those counts, the plaintiff, Mark Vesco, alleges a breach of the implied covenant of good faith and fair dealing and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), respectively. The amended complaint comprises a first count of breach of contract by Utica and a fourth count in negligence against another defendant, Roger Giguere, Jr., as well.
Utica contends that the second and third counts fail to state a cause of action for breach of the implied covenant or CUTPA because the pleadings merely assert that Utica has consistently refused to settle the plaintiff's claim and forced the plaintiff to bring this action.
 I
The breach of the implied covenant count charges that Giguere negligently operated his uninsured car causing a collision which resulted in personal injuries to the plaintiff, a passenger in the vehicle struck by Giguere; that the plaintiff had, at the time of the accident, an insurance policy issued by Utica which included uninsured motorist coverage; and that Utica has declined to settle the claim by the plaintiff for payments owed under that coverage. Paragraph 14 of this count particularly states that Utica has breached the implied covenant CT Page 9317 "be refusing to pay the amount demanded by the plaintiff."
Every contract carries with it an implied covenant requiring that each party to the agreement avoid conduct which thwarts the right of other parties to receive the reasonably expected benefits of the contract,Barber v. Jacobs, 58 Conn. App. 330, 338 (2000). The covenant is broken by a failure to act in good faith or, conversely, to act with bad faith. Bad faith is conduct more untoward than mere negligence, Id. It is behavior motivated by a dishonest purpose. Id.
Disagreement between an insurer and insured as to the appropriate amount to which the insured is entitled is not equivalent to bad faith and, standing alone, does not evince dishonest purpose. The insured's demand may itself be excessive and unwarranted, or the insurer's low appraisal of the claim may be erroneous but honestly held.
With respect to the implied covenant of good faith and fair dealing, "[a] party to a contract is entitled to take reasonable positions to protect its interests and to resist efforts that would compromise its legal rights," Elliot v. Staron, 46 Conn. Sup. 38, 48 (1997), affirmed54 Conn. App. 532 (1999); appeal dismissed, 255 Conn. 18 (2000). Reasonable measures may include the refusal to pay benefits to an insured, Sansone v. Nationwide Mutual Fire Insurance Co., 62 Conn. App. 526
(2001).
Because the second count omits any factual allegations from which one could reasonably infer bad faith, the motion to strike is granted as to that count of the amended complaint.
 II
The third count alleges a CUTPA violation based on a violation of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815ff. Specifically, the plaintiff claims that Utica violated CUIPA by engaging in the unfair and deceptive acts or practices defined in General Statutes § 38a-816(l) and § 38a-816(15). A CUTPA violation stemming from CUIPA misconduct is circumscribed by the definitions and principles established in CUIPA, Lees v. Middlesex Ins.Co., 229 Conn. 842, 850 (1994).
Section 38a-816(1) establishes as unfair and deceptive acts or practices a variety of false or misleading advertising and sales techniques. Section 38a-816(15) defines as a forbidden act or practice the "failure to pay accident or health claims" within forty-five days after receipt unless the Insurance Commissioner determines that a legitimate dispute exists as to coverage, liability, or damages. CT Page 9318
Paragraph 12 of the third count states that conduct forbidden under §§ 38a-816(l) and (15) was committed by Utica in that the insurer made no good faith effort to settle the plaintiff's claim although liability was apparent and forced the plaintiff to initiate litigation to recover benefits by rejecting arbitration and making inadequate settlement offers. The gravamen of these assertions is that Utica obstinately declines to accept the plaintiff's offer of settlement.
As noted above, an insurance carrier is entitled to protect its rights by legitimate means such as litigation. The third count omits any allegation that Utica's rejection of the plaintiff's offer or arbitration is ingenuous or designed for delay or intimidation. It contains no factual allegations supporting the legal conclusion of misrepresentation or false advertising. Also, it has no allegation that the Insurance Commissioner has not determined that a legitimate dispute between Utica and the plaintiff exists, an essential allegation under § 38a-816(15). The pleadings are insufficient to set forth a cause of action under CUTPA for the CUIPA violations cited. The motion to strike is granted to the third count, also.
For the reasons stated, the second and third counts of the amended complaint are stricken.
Sferrazza, J.