[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #123
The plaintiff[1] in this action, Henry Velenchik, alleges the following facts in the complaint. On March 25, 1994, the plaintiff signed three promissory notes for loans he obtained from the Union Trust Company. The first note was for a loan of $900,000. The unpaid balance of this note was due on April 9, 1999. To secure the note, Velenchik mortgaged real property at two locations in Fairfield Connecticut. These mortgages were recorded in the Fairfield Land Records and were first mortgages on these premises. The plaintiff entered into the second note for $552,895.30 under substantially similar terms, except that this loan was guaranteed by a second mortgage on the real property as above.
The plaintiff also signed a third promissory note for $600,000. The unpaid balance of this note was due March 1, 1997. To secure this loan, the plaintiff agreed to a third mortgage on the above properties. To further secure the loan, the plaintiff also signed a security agreement with Union Trust in which he pledged the accounts receivable and inventory of his business as well as an assignment of the rents of his real property to Union Trust.[2] The defendant, First Union National Bank, merged with Union Trust and therefore, succeeded to its rights on all of the notes, mortgages, and security agreements.
On April 1, 1999, the plaintiff defaulted on the notes, and notified the defendant that he intended to sell his business to satisfy his debts to the defendant. The defendant sent the plaintiff a forbearance agreement, which the plaintiff refused to sign allegedly because he found errors in the document pertaining to his obligations under the note. The plaintiff advised the defendant that he was contracting with a third party to sell the real estate, with a closing date of August 30, 1999, and he would apply the proceeds of the sale to repay the debt. On June 23, 1999, the plaintiff and the third party executed the real estate CT Page 7277 contracts and the purchaser gave the plaintiff a deposit on the land.
On June 29, 1999, the defendant initiated an action against the plaintiff in Superior Court, judicial district of Fairfield at Bridgeport, CV 99-0364 159S. The defendant garnished the plaintiffs business inventory, bank accounts and accounts receivable. The sheriff sealed the premises and the plaintiffs business was put out of business. The defendant notified the plaintiffs tenants and debtors that they were to make payments of their accounts to the defendant rather than to the plaintiff. The defendant also impounded the personal and business accounts that the plaintiff had with the defendant and Chase Bank. The defendant disposed of the inventory of the plaintiffs business at an auction which yielded approximately $50,000.
The plaintiff filed a complaint on March 10, 2000, alleging that the defendant acted in bad faith and with reckless disregard, and in so doing, violated the Connecticut Unfair trade Practices Act, General Statutes, §§ 42-110a et seq.[3] The defendant filed its answer to the complaint on March 21, 2001. The answer presents five special defenses to the plaintiffs action and one counterclaims. In the counterclaim, the defendant alleges that according to the terms of the notes signed by the plaintiff, the plaintiff is required to pay the attorney's fees of the holder of the note should he default on the notes. The defendant alleges that it is the owner and holder of the note, that it has and will continue to incur reasonable costs, attorney's fees and expenses in connection with its defense of this action and demands the recovery thereof.
On January 31, 2002, the plaintiff filed a motion to strike directed at the defendant's counterclaim. The defendant filed its objection to the motion to strike on February 8, 2002.
 DISCUSSION
Practice Book § 10-39(a) states, in part, "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim . . . or any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading of part thereof." "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [a pleading] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998).
The role of the trial court in ruling on a motion to strike is "to examine the [challenged pleading] construed in favor of the [pleading CT Page 7278 party], to determine whether [the pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the [challenged pleading.]" (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997).
"Thus, [i]f the facts provable in the [pleading] would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a [pleading] challenged by a . . . motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically rather than narrowly and technically." (Citations omitted; internal quotation marks omitted.) Gazov. City of Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001).
In his motion to strike, the plaintiff contends that (1) the counterclaim is not related to the facts alleged in the complaint; (2) the defendant's claim for attorney's fees is unwarranted; and (3) the counterclaim fails to allege that the defendant must prevail in order to collect attorney's fees from the plaintiff. In opposition, the defendant argues that the plaintiffs debt to the defendant is the underlying factual basis for both the plaintiffs claim, as well as the counterclaim, and attorney's fees are provided for in the promissory notes, regardless of which party prevails.
"Under our rules of practice, a counterclaim, if proper, is an independent action. It has been defined as a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiffs claim and also allows recovery by the defendant. . . . For purposes of examining pleadings relative to a counterclaim then, the party asserting it becomes the plaintiff on the counterclaim. Accordingly, the general rule is that counterclaim should be pleaded in exactly the same way the claim would be pleaded in the complaint in the independent action." (Citations omitted; internal quotation marks omitted.) Home Oil Co. v. Todd, 195 Conn. 333,341, 487 A.2d 1095 (1985). Practice Book § 10-10 states, in pertinent part, "In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiffs complaint. . . ." "If the claim arises out of the same transaction described in the complaint, it is characterized as a counterclaim." 225 Associates v. ConnecticutCT Page 7279Housing Finance Authority, 65 Conn. App. 112, 121, 782 A.2d 189 (2001). "The transaction test [of § 10-10] is one of practicality, and the trial court's determination as to whether the test has been met ought not be disturbed except for an abuse of discretion." (Internal quotation marks omitted.) Southbridge Associates, LLC v. Garofalo, 53 Conn. App. 11,21, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999).
The plaintiff's cause of action arises out of the actions he alleges the defendant took after he defaulted on the three promissory notes. The defendant's counterclaim for attorney's fees and other litigation costs arises out of the agreement outlined in the notes. The fees and costs the defendant claims to have incurred were incurred in its defense of its attempt to collect the debt the plaintiff owed to the defendant under the notes. Therefore, the plaintiffs complaint and the defendant's counterclaim arise out of the defendant's actions in enforcing the notes and the costs incurred as a result. Because the facts are related, it is in the interest of judicial economy to have the cases tried together, and therefore, the plaintiffs motion to strike on this ground is denied.
The plaintiffs second argument is that under "the American Rule," each litigant pays his own attorney's fees and litigation costs. The defendant counts that its claim for the payment of fees and costs arises out of the notes that the plaintiff signed in 1994 and thus, qualifies as an exception to the American Rule.
"In the United States, the general rule of law known as the American Rule is that a prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the opposing party as part of his or her damages or costs. . . . There are certain exceptions to this rule. . . . In the main, the exceptions are based upon statutory or contractual provisions authorizing the recovery of attorney's fees by a prevailing litigant." Narcisco v. Brown, 63 Conn. App. 578, 580, 777 A.2d 728
(2001).
The plaintiff contends that because it is uncontested that the notes have been paid in full, any obligation he had under them is discharged. The defendant counters that payment of the note only discharges the plaintiffs liability as to the debt incurred, not as to the other contractual provisions. In its counterclaim, the defendant alleges that under the terms of the notes, the plaintiff agreed to pay reasonable attorney's fees incurred by the defendant in any litigation connected to the notes. In viewing the pleading in a light most favorable to the defendant as is the standard for a motion to strike, the defendant has adequately alleged that it meets the contractual exception to the "American Rule" and is therefore, entitled to attorney's fees under the contract it entered into with the plaintiff. CT Page 7280
The plaintiff's final contention is that the defendant fails to plead that it must prevail in the present litigation in order to be entitled to attorney's fees. The defendant counters that the language of the note controls, and therefore, as the note does not require it to have prevailing party status, it is not required to include this allegation in its counterclaim.
"Attorney's fees clauses should be construed to encompass only areas within the reasonable contemplation of the parties; and if the parties intended [that] . . . the prevailing party in any litigation under the [contract] to recover attorney's fees, then they could have drafted the attorney's fee clause in this manner. (Citation omitted; internal quotation marks omitted.) Elliott v. Staron, 46 Conn. Sup. 38, 52,735 A.2d 902 (1997), affirmed, 54 Conn. App. 632, 736 A.2d 196 (1999), appeal dismissed, 255 Conn. 18, 761 A.2d 1291 (2000).
It is unclear from the pleadings whether the language of the notes requires the defendant to prevail at trial before seeking attorney's fees as part of its damages from the plaintiff. Therefore, the defendant is not required to plead these facts as part of its counterclaim. All that is required is that the defendant assert that there is a contractual exception in the case to the American Rule which would entitle it to reasonable attorney's fees. The defendant has met this requirement in its counterclaim, and therefore, the motion to strike is denied.
 CONCLUSION
The defendant's counterclaim is related to the transaction alleged in the plaintiffs complaint, and is therefore, procedurally proper. Further, the defendant's claim for attorney's fees is properly pleaded as a contractual exception to the American Rule. For these reasons, the plaintiffs motion to strike is denied.
 ___________________ GALLAGHER, J