## WILLIAM LUDEMANN ET AL. *v.* SPECIALTY NATIONAL INSURANCE COMPANY (AC 30156)

Bishop, Lavine and Peters, Js.

Argued September 9—officially released October 20, 2009

*Stephen F. McEleney,* for the appellants (plaintiffs).

*Frank J. Szilagyi,* with whom, on the brief, was *William M. Tierney,* for the appellee (defendant).

*Opinion*

PER CURIAM. In this underinsured motorist case, the plaintiffs, William Ludemann and Laura Ennis, formerly known as Laura Ludemann, appeal from the judgment of the trial court denying their application to vacate the arbitration award rendered in favor of the defendant, Specialty National Insurance Company. The resolution of the appeal concerns the interaction between the exclusive remedy of our Workers' Compensation Act; see General Statutes § 31-284 (a);[1] and the statutory

---

[1] General Statutes § 31-284 (a) provides in relevant part: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . . All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees . . . arising out of personal injury . . . sustained in the course of employment are abolished other than rights and claims given by this chapter, provided nothing in this section shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation."

exception to that exclusivity set forth in General Statutes § 38a-336 (f).[2] We affirm the judgment of the trial court.

The following facts are not in dispute. On April 16, 2001, Ludemann was employed as a police officer by the town of Enfield (town) and was directing traffic within the scope of his duties when he was struck and injured by a motorist. Ludemann received workers' compensation benefits for his injuries and exhausted the coverage of the motorist's liability insurance. On the date he was injured, Ludemann was an insured under an uninsured-underinsured automobile insurance policy issued to the town by the defendant. The policy provided for arbitration in the event of a dispute between the defendant and an insured for underinsured motorist benefits. The arbitrators were to determine whether Ludemann was barred from receiving underinsured motorist benefits because, at the time he was injured, he was not *occupying* his police cruiser for the purposes of § 38a-336 (f). On November 13, 2007, in a two to one decision, the arbitration panel rendered an award in favor of the defendant. The plaintiffs filed an application in the trial court, asking the court to vacate the award. The court denied the application to vacate, and the plaintiffs appealed to this court.

On appeal, the plaintiffs claim that the court erred by (1) concluding that Ludemann was barred under § 31-284 (a) from recovering as an insured by virtue of § 38a-336 (f), (2) failing to find an explicit, well defined and dominant public policy in favor of providing underinsured motorist coverage to an insured regardless of

---

[2] General Statutes § 38a-336 (f) provides: "Notwithstanding subsection (a) of section 31-284, an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage."

whether he was occupying a vehicle, (3) failing to provide underinsured motorist coverage to Ludemann by virtue of his status as a third party beneficiary, (4) finding that Ludemann did not occupy the motor vehicle under § 38a-336 (f) and (5) concluding that Ennis was not entitled to underinsured motorist coverage for her alleged loss of consortium.

After examining the record on appeal and carefully considering the briefs and arguments of the parties, we conclude that the judgment of the trial court should be affirmed. See *American Universal Ins. Co.* v. *DelGreco*, 205 Conn. 178, 191, 530 A.2d 171 (1987) (de novo judicial review of compulsory arbitration award). The court's thoughtful memorandum of decision is comprehensive and consistent with our applicable statutes and decisional law. See *Gomes* v. *Massachusetts Bay Ins. Co.*, 87 Conn. App. 416, 866 A.2d 704, cert. denied, 273 Conn. 925, 871 A.2d 1031 (2005). We therefore adopt the court's well reasoned decision. See *Ludemann* v. *Specialty National Ins. Co.*, 51 Conn. Sup. 326, 982 A.2d 659 (2008). No useful purpose would be served by repeating the discussion contained therein. See *Sansone* v. *Nationwide Mutual Fire Ins. Co.*, 62 Conn. App. 526, 528, 771 A.2d 243 (2001).

The judgment is affirmed.